CORNISH, CURTIS & GREENE COMPANY v. FRED MARTY
and Another.

June 9, 1899.

Nos. 11,616—(136).

**Assignment of Undisputed Chose in Action—Debtor Cannot Question.**

Where the assignor of a chose in action admits the assignment, so that a payment to or recovery by the assignee would protect the debtor against any future claim by the assignor, and the rights of third parties are not involved, and the debtor has no defense to the claim as against the assignor, he has no further interest in the validity of the assignment, and is not in position to question it.

Action in the district court for Chisago county to recover $1,000 from defendant Marty on account of a subscription to the stock of defendant Pioneer Pasteurizing Company and by it assigned to plaintiff. The case was tried before Crosby, J., who directed a verdict in favor of plaintiff for the amount demanded. From an order denying a motion for a new trial, defendant Marty appealed. Affirmed.

*S. P. Crosby*, for appellant.

*Edward J. Cannon*, for plaintiff respondent.

MITCHELL, J.[1]

This action was brought to recover from defendant Marty a stock subscription to the defendant Pioneer Pasteurizing Company, which had been assigned by that company to the plaintiff. Stripped of much immaterial and irrelevant matter, the answer of Marty admitted his indebtedness to the Pioneer Pasteurizing Company, but denied that it had been assigned to the plaintiff. The Pioneer Pasteurizing Company answered, and admitted (by not denying) the assignment of the claim to the plaintiff. The plaintiff introduced in evidence the record of the proceedings of the board of directors authorizing the president and secretary of the company to execute to the plaintiff an assignment of the claim; also an assignment to the plaintiff, executed in behalf of the corporation by its president and secretary. Counsel for Marty then offered to prove by a person who was present at the meeting of the board of directors referred to that no such resolution was ever passed, and that the subject of the assignment of the claim to the plaintiff was not mentioned at the meeting. The ruling of the court in excluding this evidence forms the subject of the only assignment of error urged by counsel in his brief.

Conceding, as counsel claims, that the record of the proceedings of the board of directors could be contradicted by parol evidence, there was no prejudicial error in the ruling of the court. Marty was in no position to question the validity of the assignment of the claim to the plaintiff. The Pioneer Pasteurizing Company was not questioning it, but, on the contrary, in this very case stood admitting it. Therefore it cannot hereafter question it as against Marty. Nobody else was claiming the money, and all parties who had any interest in it, or authority to direct its payment, stood agreeing that it should be paid to the plaintiff. Therefore a payment of the debt to the plaintiff will fully protect the defendant, and that is all that he is interested in.

We quite agree with defendant's present counsel that a large

[1] BUCK, J., absent, took no part.

part of the evidence introduced on the trial was wholly imma-terial,—as, for example, that tending to show that the affairs of the corporation have been carelessly, negligently, or perhaps fraudu-lently managed by its officers.

Order affirmed.

[1] BUCK, J., absent, took no part.